IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

**BRIAN RUSSELL TURBEVILLE**, Plaintiff, Pro Se,

v.

**JAY BRADLY TURBEVILLE; LISA MICHAUX MADRID; RUDY COLMENERO; WILLIAM R. LEIGHTON; KELLEY F. WHALEN; ALFRED KAY; KRISTINA SCHOONOVER; KATY LYNN FORD; JONATHAN N. METZLER; KATHERINE REBECCA TURBEVILLE; THE JACK ROSS GROUP, LLC; JUSTIN SYSTEMS, INC.;** and RELIEF DEFENDANTS: **LINDSAY MCGEE; MCGEE FAMILY LIVING TRUST; KATHLEEN LAPP; JEANINE MULKEY; CHRISTOPHER PERKINS**; Defendants.

CIVIL ACTION NO: 1:26-cv-00933-ADA-ML JURY TRIAL DEMANDED

---

# FIRST AMENDED COMPLAINT: RACKETEERING, BANK FRAUD, AND HOBBS ACT EXTORTION

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff amends the original pleading as a matter of course prior to the service of any responsive pleading.

## 1. JURISDICTIONAL FIREWALL AND EXTRINSIC FRAUD

1.1 **Subject Matter Jurisdiction**: This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1964(c) (Civil RICO) and 28 U.S.C. § 1331. 1.2 **Inapplicability of Rooker-Feldman**: The Rooker-Feldman doctrine is inapplicable. Plaintiff pleads Extrinsic Fraud resulting from the administrative spoliation of court records. Specifically, Travis County CMS records show Envelope #105959878 and Envelope #106744579 (Notice of Superseding Federal Action) were manually deleted by court administrative staff to bypass state-level due process and intentionally obscure federal jurisdiction. 1.3 **Exhaustion of State Remedies**: The Plaintiff has

unequivocally exhausted all available state-level judicial remedies. Over a 10-month period, the Plaintiff filed over 100 pleadings in Travis County Probate Court (Cause C-1-PB-25-001747), including repeated motions to compel and confirm intestacy, which were met with systemic administrative preclusion. On January 9, 2026, the Plaintiff initiated a parallel civil action in the 200th District Court (Cause D-1-GN-26-000202) to enjoin the fraud, and on March 27, 2026, elevated the matter to the 3rd Court of Appeals (Cause 03-26-00306-CV) via a Petition for Writ of Mandamus. Confronted with total systemic stonewalling across all state venues, the Plaintiff filed a formal State Nonsuit on April 14, 2026, to seek federal relief under the RICO Act. The official state court dockets confirming this exhaustion and the subsequent post-nonsuit extortionate fee demands are attached hereto as Exhibit G-3.

**2. THE CLOSED-LOOP FACTORY: "THE PAPER DEATH" (SEPTEMBER 29, 2022)**

2.1 On September 29, 2022, the Enterprise executed a Will and Trust designed to strip estate assets outside the legal oversight of Texas probate courts. The Will has never been admitted to probate. 2.2 **The Closed-Loop Execution**: | Instrument | Drafter | Witnesses | Notary | |------------|---------|-----------|--------| | Homer & Nancy Revocable Trust | William R. Leighton (LMAB) | Matt Williams (LMAB) | Karla Angulo Castro (LMAB) | | Last Will and Testament | William R. Leighton (LMAB) | Matt Williams (LMAB) | Karla Angulo Castro (LMAB) | 2.3 **Medical Data**: Homer Gene Turbeville's signatures exhibit severe Parkinson's tremor and micrographia worsening across consecutive pages. Nancy Turbeville executed these documents 17 days prior to her death. 2.4 **Concealment of Instruments**: Demonstrating bad faith and a coordinated effort to conceal the Enterprise's actions, Defendant William Leighton refused to provide the Plaintiff with a copy of the Will the weekend prior to Homer Turbeville's burial. Instead, Leighton wished the Plaintiff "good luck" and directed him to seek the instrument from Defendant Jay Turbeville, ensuring the Plaintiff remained without access to testamentary instruments while grieving.

**3. THE NEW YORK WIRE NODE**

3.1 The Enterprise utilized stolen PII to open unauthorized trusts to move funds across state lines. Both trusts are domiciled at **ABA Routing: 026009593** (Bank of America, New York). 3.2 **Interstate Wire Log**: | Date | Amount | Origin Node | Destination | Wire Memo | |------|--------|-------------|-------------|-----------| | 07/18/2025 | $10,000 | Homer & Nancy Turbeville Rev Trust (BofA NY) | Frost Bank TX | "1ST TRUST DISTRIBUTIOM" | | 01/26/2026 | $2,000 | Brian Russell Turbeville Trust U/A 09/29/20 (BofA NY) | Frost Bank TX | "PMT FOR FOOD, ELECTRIC WINTER STORM" | 3.3 **Data Anchor**: The 09/29/2020 "Brian Russell Turbeville Trust" was originated two years before the 09/29/2022 Will that purports to authorize it. 3.4 **Identity Theft and Unauthorized Minor Trusts**: In July 2025, Defendants Jay Turbeville and William Leighton, with the assistance of Defendant Katy Lynn Ford, committed identity theft by utilizing Plaintiff's and his sons' Social Security Numbers without authorization. When the Plaintiff's young adult sons explicitly refused to work with William Leighton, Defendants Katy Lynn Ford and Jay Turbeville bypassed the Plaintiff entirely and personally pressured the sons to comply. Under the guise of estate planning, they hijacked three-quarters of the Plaintiff's rightful inheritance to seed unauthorized trusts for the Plaintiff's sons, effectively stripping the Plaintiff of his parental right to direct the inheritance of his own children.

**4. THE SDU BYPASS & HOBBS ACT EXTORTION**

4.1 The Enterprise utilized judicial machinery to circumvent the State Disbursement Unit (SDU) and force economic starvation. 4.2 **July 9, 2025**: Liquidation of the estate property at 126 Firebird for $1,350,000. 4.3 **The Equity Strip**: $960,000 bypassed the SDU and was routed directly to Defendant Katy Lynn Ford via "Void Orders" engineered by Defendants Lisa Michaux Madrid and Rudy Colmenero. 4.4 **The Extortion Pretext**: A manufactured child support demand of $8,918.41 was used to justify the $960,000 strip. 4.5 **Resultant Hobbs Act Injury**: The deliberate withholding of ordered support and trustee distributions resulted in the disconnection of Plaintiff's power and water on March 20, 2026. This manufactured economic duress satisfies the elements of Hobbs Act Extortion (18 U.S.C. § 1951). 4.6 **Bad Faith Settlement as**

**Extortion Tool**: As further evidence of the Enterprise's coordinated starvation strategy, on March 31, 2026, counsel for Defendants Whalen, Kay, and Schoonover extended a formal $5,000 settlement offer. The Plaintiff immediately accepted the offer to alleviate an active life-safety emergency. The Defendants deliberately breached their own settlement, refusing to wire the funds, proving the negotiation was a bad-faith delay tactic designed solely to prolong the Plaintiff's economic duress. 4.7 **The Cedillo Severance (Enterprise Fracturing)**: Demonstrating that even the architects of the Enterprise recognize the indefensibility of the Trustee's actions, on March 23, 2026, Michael Cedillo, counsel for Defendant Rudy Colmenero, explicitly broke ranks. In an email to the state court and all defense counsel, Cedillo declared no objection to the Plaintiff's Application for a Temporary Injunction, provided it applied solely to Defendant Jay Turbeville. This desperate attempt to sever liability confirms the illegitimacy of Jay Turbeville's fiduciary standing.

**5. THE GOLDEN PREDICATE ACT**

5.1 **The April Demands**: On April 13, 2026, defense counsel Jason Snell submitted a formal demand for attorney's fees via interstate wire. This demand was manufactured two days prior to a state court hearing that ultimately went moot when Plaintiff filed a formal State Nonsuit on April 14, 2026, at 4:11 PM. 5.2 Despite the nonsuit stripping the state court of jurisdiction, Defendants continued to file motions demanding attorney fees in state court (with a hearing scheduled for June 16, 2026). 5.3 Each post-nonsuit fee demand routed through interstate wires constitutes a new, actionable predicate act under 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1951 (Hobbs Act).

**6. DISPARATE TREATMENT, UNJUST ENRICHMENT, AND ASSET DISSIPATION**

6.1 While the Plaintiff has been forced into artificial indigency—renting his home, relying on a motorcycle through extreme Texas weather, and fighting for basic survival—the Defendants and Relief Defendants (including Jay Turbeville, Katherine Rebecca Turbeville, Christopher Perkins, Kathleen Lapp, Jeanine Mulkey, and Katy Lynn Ford) have been unjustly

enriched by the stolen estate assets. 6.2 Upon information and belief, these illicit distributions have funded the acquisition of new vehicles and the elimination of mortgage debts for the Defendants and Relief Defendants. Specifically, Defendant Jay Turbeville is utilizing stolen estate and business assets to fund a $2,000-per-month membership at Barton Creek Country Club and lives entirely mortgage-free via the theft of the Plaintiff's equitable interest. During this same period, the Plaintiff's residential utilities were disconnected on March 20, 2026, and he was forced to borrow from third parties to maintain basic subsistence. 6.3 Furthermore, upon information and belief, the Relief Defendants are rapidly dissipating their illicit distributions (estimated at $385,000 each) in a calculated effort to frustrate this Court's ability to order disgorgement and claw back the stolen assets. 6.4 **Fraudulent Conveyances and Sham Divorce as RICO Shields:** The Enterprise is actively utilizing out-of-state trusts and sham legal proceedings to hide stolen assets. Upon information and belief, Defendant Jonathan Metzler utilized a New York attorney in November 2024 to transfer his Texas real estate into a New York-domiciled trust. This coordinated asset-shielding occurred in the exact same month that Defendant Jay Turbeville removed his own property from trust, holding the unrecorded deed until July 2025 to mix it with the fraudulent 126 Firebird Street liquidation. Furthermore, the suspected "paper divorce" between Defendants Katy Lynn Ford and Jonathan Metzler—filed within a month of her parents' passing and exactly one year prior to the November 2024 New York trust manipulations—was engineered strictly to divide and shield illicit distributions. To be clear to the Court: the assets being fraudulently concealed by Defendants Ford and Metzler include the stolen distributions stripped directly from Homer Turbeville's Estate and Justin Systems, Inc. This sham divorce operates to commingle and insulate the Plaintiff's stolen Turbeville equity under the guise of Ford's separate family inheritance, protecting the enterprise's spoils from federal clawback and impending civil RICO judgments. 6.5 **International Capital Flight:** Further evidencing the Enterprise's evasion tactics, Defendant Katy Lynn Ford actively avoided a critical March 31st state court hearing by claiming she was "out of the country." Upon information and belief, this international travel was utilized to access and/or manipulate offshore

assets, specifically a Swiss bank account originally accessed by Ford and her father in 2018 using a $23,000 check obtained from the Plaintiff. This established history of offshore banking directly corroborates the immediate necessity of an ex parte federal asset freeze to prevent further international capital flight. 6.6 **Evidentiary Confirmation of Distributions (The State Transcripts):** The scope, execution, and concealment of the illicit distributions are definitively established by the official state court transcripts from the hearings held on September 4, 2025, and October 28, 2025 (attached hereto as Exhibits I-1 and I-2). These transcripts provide unimpeachable, under-oath confirmation of the Defendants' coordinated efforts to dissipate the $1.35M Firebird liquidation and other trust corpus assets outside the bounds of lawful probate or SDU administration.

**7. PRAYER FOR RELIEF**

Plaintiff Brian Russell Turbeville respectfully requests this Court grant the following relief: - **Actual Damages**: $73,516,446.58 - **Treble Damages**: $220,549,339.74 (pursuant to 18 U.S.C. § 1964(c)) - **Injunctive Relief**: Imposition of a Constructive Trust over the real property at 8808 Mendocino Drive and all assets held by Relief Defendants. - **Disgorgement**: Immediate repatriation of the $1,110,000.00 in unauthorized distributions held by Relief Defendants (Lapp, Mulkey, Perkins). - **Costs**: Recovery of all costs of suit and mandatory attorney's fees.

RESPECTFULLY SUBMITTED, Dated: June 16, 2026

/s/ Brian Russell Turbeville Brian Russell Turbeville, Plaintiff Pro Se 1006 Stoneoak Ln., Austin, TX 78745 (512) 200-4373

---

**VERIFICATION**

I, Brian Russell Turbeville, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual allegations contained in this First Amended Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on June _____, 2026, in Austin, Texas.

/s/ Brian Russell Turbeville Brian Russell Turbeville, Plaintiff Pro Se

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing First Amended Complaint: Racketeering, Bank Fraud, and Hobbs Act Extortion was filed electronically via the Court's CM/ECF system on June 16, 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to all registered counsel of record.

/s/ Brian Russell Turbeville Brian Russell Turbeville, Plaintiff Pro Se